IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY CO.,<br><br>Plaintiff,<br><br>v.<br><br>TEN GENERAL CONTRACTORS, S.E., et al.,<br><br>Defendants. | Civil No. 04-2390 (JAG) |

## REPORT AND RECOMMENDATION

### I. PROCEDURAL BACKGROUND

On December 17, 2004, United States Fidelity & Guaranty Company ("USF&G") filed a complaint against defendants Ten General Contractors, S.E. ("Ten General"), Manuel E. Net-Velázquez, his wife Migdalia Ferrer-Montijo and the Conjugal Partnership established between them for breach of contract and specific performance. (Docket No. 1). Defendants were served with process on January 21, 2005. (Docket No. 8, 9 and 10).

On February 15, 2005, USF&G filed a Motion for Entry of Default indicating all defendants were served with the complaint and summons whereby they were required to appear and answer within twenty (20) days from the date of service. Nonetheless, the twenty (20) days elapsed and defendants did not appear nor answer the complaint. Thus, USF&G moved for entry of default against defendants. (Docket No. 11).

On February 17, 2005, the Court granted the Motion for Entry of Default and default was entered against all defendants. (Docket No. 12 and 13).

On April 28, 2005, the Court issued an Order to plaintiff to move for default judgment on or before May 27, 2005. (Docket No. 14).

On May 12, 2005, USF&G filed a Motion for Entry of Partial Judgment by Default against all defendants and a Motion Submitting Exhibits in support of the request. (Docket No. 15 and 16).

On June 13, 2005, the Court referred to the undersigned USF&G's Motion for Entry of Partial Judgment by Default for default hearing and report and recommendation. (Docket No. 17).

On July 21, 2005, default hearing was held before the undersigned. Present were Attorney Patrick D. O'Neill, on behalf of USF&G, and Ms. Roxanne Kasten, who testified on behalf of plaintiff. As the hearing was in default, no one appeared or offered any evidence on behalf of defendants.

## II. FINDINGS OF FACT

USF&G issued performance and payment Bonds to several obligees naming Ten General as principal in connection with several construction projects of Ten General in Puerto Rico. In consideration of USF&G's agreement to issue Bonds, defendant Ten General, together with Mr. Net, individually, and Mrs. Ferrer, individually, executed a Master Surety Agreement dated April 24, 1997.

As a direct and proximate result of USF&G's issuance of Bonds to Ten General, USF&G has sustained and continues to sustain losses and to incur in expenses in excess of $3,600,00.00.

Ten General, Mr. Net, individually, and Mrs. Ferrer-Montijo, are required, under Paragraph III(A) of the Master Surety Agreement, to indemnify USF&G, as the surety, and hold it harmless.  Specifically, Paragraph III(A) of the Master Surety Agreement provides in relevant part that:

> UNDERSIGNED, [Ten General, Manuel E. Net, and Migdalia Ferrer Montijo], shall exonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all demands, claims, liabilities, losses expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) imposed upon, sustained, or incurred by Surety by reason of: (1) Surety having executed, provided or procured Bond(s) in behalf of principal, or (2) Undersigned's failure to perform or comply with any of the provisions of the Agreement.

In addition, Ten General, Mr. Net, individually, and Mrs. Ferrer-Montijo, are required, under Paragraph III(B) of the Master Surety Agreement, to provide collateral security to USF&G in an amount necessary to properly protect USF&G against all claims and/or potential claims made on the performance and payment surety bonds.  Specifically, Paragraph III(B) of the Master Surety Agreement provides in relevant part:

> In order to exonerate; hold harmless, and indemnify SURETY, UNDERSIGNED [Ten General, Manuel E. Net, and Migdalia Ferrer Montijo] shall upon demand of SURETY, place SURETY in funds before SURETY makes any payment; such funds shall be, at SURETY's option, money or property, or liens or security interests in property.  (The amount of such money or property or the value of the property to become subject to liens or security interests, shall be determines by SURETY.

Defendants have refused to comply despite multiple demands from USF&G to defendants to collateralize and hold USF&G harmless from any and all liability, losses, costs, damages, attorney's fees and other expenses incurred in connection with said Bonds.

# III. CONCLUSIONS OF LAW

## A.   Default Standard.

"The default of a defendant constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colón Rivera, 204 F.Supp.2d 273 (D. Puerto Rico 2002), citing: Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc. (In re The Home Restaurants, Inc.), 285 F.3d 111, 114 (1st Cir. 2002) ("a party gives up right to contest liability 'when it declines to participate in the judicial process' "); Franco v. Selective Ins. Co., 184 F.3d 4, 9 n. 3 (1st Cir. 1999) ("[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint"); Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l., Inc., 982 F.2d 686, 693 (1st Cir. 1993) ("an entry of a default against a defendant establishes the defendant's liability"); Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5 (1st Cir. 1985) ("there is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [ ] claims must be considered established as a matter of law."); Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir.1976) ("[t]he default judgment on the well-pleaded allegations in plaintiff's complaint established ... defendant's liability"); *see also* Caribbean Produce Exchange v. Caribe Hydro-Trailer, Inc., 65 F.R.D. 46 (D.P.R.1974) ("it is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.... Defendant is deemed to have admitted all well pleaded allegations in the complaint. At the most, all that defendant can do is question the extent of the damages suffered by the plaintiff").

United States Fidelity & Guaranty Co.  v. Ten General Contractors, S.E., et al.
Civil No.  04-2390(JAG)
Report & Recommendation
Page 5

Since this was a default hearing, the Court accepted as true all allegations in the Complaint.  In the instant case, defendants did not appear for the evidentiary default hearing and, hence, the extent of losses claimed by USF&G is not questioned. Therefore, the losses are left to the Court's determination, based on the evidence received, and on the Court's weighing of the same.

**B.     Ms. Kasten's Testimony.**

USF&G presented at the evidentiary hearing the testimony of Ms. Roxanne Kasten, bond claim representative of St. Paul Travelers Insurance Company ("St. Paul Travelers"). St. Paul Travelers has several wholly-owned subsidiaries one of them being USF&G, plaintiff in this case. Ms. Kasten explained she has direct access to the books and records of St. Paul Travelers related to its business dealings with defendants in this case.  USF&G issued performance and payment Bonds to several obligees naming Ten General as principal in connection with several construction projects of Ten General in Puerto Rico.  In consideration of USF&G's agreement to issue Bonds, defendant Ten General, together with Mr. Net, individually, and Mrs. Ferrer, individually, executed a Master Surety Agreement dated April 24, 1997. **Exhibit A**.

Ms. Kasten explained that, as a result of USF&G's issuance of Bonds to Ten General, USF&G has encountered losses amounting to $3,650,348.62 as evinced by **Exhibit B** (printout of payments made by USF&G to attorneys and others on behalf of Ten General from January 1, 2005 to present) **and Exhibit C** (printout of all payments made by USF&G on

<u>United States Fidelity & Guaranty Co.  v. Ten General Contractors, S.E., et al.</u>
Civil No.  04-2390(JAG)
Report & Recommendation
Page 6

behalf of Ten General from 2001 to date). [1]  Both Exhibits B and C were prepared by Ms. Kasten based on available information in the records of St. Paul Travelers as shown in the documents contained in **Exhibit D** (folder which contains information on all checks issued by USF&G on behalf of Ten General from 2001 to December 31, 2004).

## C. The Master Surety Agreement.

A review of the Master Surety Agreement shows that Ten General, Mr. Net, individually, and Mrs. Ferrer-Montijo, are required, under Paragraph III(A) of the Master Surety Agreement, to indemnify USF&G, as the surety, and hold it harmless.  Specifically, Paragraph III(A) of the Master Surety Agreement provides in relevant part that:

> UNDERSIGNED, [Ten General, Manuel E. Net, and Migdalia Ferrer Montijo], shall exonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all demands, claims, liabilities, losses expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) imposed upon, sustained, or incurred by Surety by reason of: (1) Surety having executed, provided or procured Bond(s) in behalf of principal, or (2) Undersigned's failure to perform or comply with any of the provisions of the Agreement.

In addition, Ten General, Mr. Net, individually, and Mrs. Ferrer-Montijo, are required, under Paragraph III(B) of the Master Surety Agreement, to provide collateral security to USF&G in an amount necessary to properly protect USF&G against all claims and/or potential claims made on the performance and payment surety bonds.  Specifically, Paragraph III(B) of the Master Surety Agreement provides in relevant part:

---

[1] It should be noted that the total amount specified in Exhibit B of $24,984.33 is included in the total amount specified in Exhibit C of $3,650,348.62.

> In order to exonerate; hold harmless, and indemnify SURETY, UNDERSIGNED [Ten General, Manuel E. Net, and Migdalia Ferrer Montijo] shall upon demand of SURETY, place SURETY in funds before SURETY makes any payment; such funds shall be, at SURETY's option, money or property, or liens or security interests in property. (The amount of such money or property or the value of the property to become subject to liens or security interests, shall be determined by SURETY.

**D.   Analysis.**

Plaintiff USF&G has established, having entered the default of defendants, a claim for breach of contract and specific performance.  The record shows defendants have refused to comply despite multiple demands from USF&G to defendants to collateralize and hold USF&G harmless from any and all liability, losses, costs, damages, attorney's fees and other expenses incurred in connection with said Bonds.  Moreover, defendants have not challenged the validity of the Master Surety Agreement in this case nor any of the documents on the record as they are in default.  Finally, defendants have not questioned their obligations under said Agreement. Accordingly, pursuant to the terms and conditions of the Master Surety Agreement above mentioned, defendants are liable for the losses, costs, expenses and attorney's fees claimed by USF&G in this case.

Thus, after a careful review of the record, the documents presented by USF&G during the evidentiary hearing and the testimony of Ms. Kasten, it is hereby recommended that USF&G's Motion for Partial Judgment by Default be **GRANTED** and plaintiff USF&G recovers from defendants the amount due of **$3,650,348.62**, plus any additional attorney's fees and costs not included in the total amount.

United States Fidelity & Guaranty Co.  v. Ten General Contractors, S.E., et al.
Civil No.  04-2390(JAG)
Report & Recommendation
Page 8

## IV. CONCLUSION

In light of the above, it is hereby recommended that USF&G's Motion for Partial Judgment by Default be **GRANTED** and plaintiff USF&G recovers from defendants the amount due of **$3,650,348.62**[2], plus any additional attorney's fees and costs not included in the total amount.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).  See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of July of 2005.

                         s/**CAMILLE L. VELEZ-RIVE**
                         **CAMILLE L. VELEZ-RIVE**
                         **UNITED STATES MAGISTRATE JUDGE**

---

[2] This amount includes discharge of payment and performance bond obligations, attorney's fees and consultant fees and costs.